IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:11-CR-4-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DEMETRIUS SPENCE, | ) | |
| | ) | |
| Defendant. | ) | |

On August 15, 2012, a jury found Demetrius Spence ("Spence") guilty of conspiracy to distribute and possess with intent to distribute 280 grams of cocaine base (crack) (count one), two counts of distribution of a quantity of cocaine base (crack) (counts two and three), and one count of distribution of five grams or more of cocaine base (crack) (count four). See [D.E. 83]. On January 28, 2013, the court held Spence's sentencing hearing. See Sentencing Tr. [D.E. 110]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR") [D.E. 91] and ruled on Spence's objections. See Sentencing Tr. 6–26; Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Spence's total offense level to be 38, his criminal history category to be III, and his advisory guideline range to be 292 to 365 months' imprisonment on counts one and four, and 240 months' imprisonment on counts two and three. See Sentencing Tr. 26. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Spence to 324 months' imprisonment on counts one and four, and 240 months' imprisonment on counts two and three, to be served concurrently. See id. 26–41.

On February 22, 2016, Spence moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 122]. Spence's new advisory guideline range for counts one and four is 235 to 293 months' imprisonment, based

on a total offense level of 36 and a criminal history category of III. See Resentencing Report. Spence requests a sentence "at the low-end of the revised guideline imprisonment range." See [D.E. 122].

The court has discretion to reduce Spence's sentence. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, No. 15-7442, 2016 WL 7187326, at *1 (4th Cir. Dec. 12, 2016); United States v. Patterson, No. 16-6867, 2016 WL 6958628, at *1 (4th Cir. Nov. 29, 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Spence's sentence, the court finds that Spence engaged in serious criminal behavior over a long period of time involving a large quantity of cocaine and cocaine base (crack). See Sentencing Tr. 6–26; PSR ¶¶ 10–12. Moreover, Spence is a recidivist drug dealer, has performed poorly on supervision, and has little work history. See PSR ¶¶ 15, 19, 41–43. Finally, Spence received a disciplinary infraction while incarcerated on his federal sentence, but has taken some positive steps while incarcerated. See Resentencing Report 1–2.

Having reviewed the entire record and all relevant policy statements, the court finds that Spence received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Spence's sentence would threaten public safety in light of his serious criminal conduct and serious criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Spence's motion for reduction of sentence. See, e.g., Patterson, 2016 WL 6958628, at *1–2; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Spence's motion for reduction of sentence [D.E. 122].

SO ORDERED. This 19 day of December 2016.

                                               JAMES C. DEVER III
                                               Chief United States District Judge