IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:11-CR-4-D
No. 2:15-CV-45-D

| | | |
|---|---|---|
| DEMETRIUS SPENCE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On December 28, 2015, Demetrius Spence ("Spence") moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his 324-month sentence [D.E. 116], filed a memorandum in support [D.E. 117], and moved for an evidentiary hearing [D.E. 118]. On July 18, 2016, the government moved to dismiss Spence's section 2255 motion [D.E. 124] and filed a memorandum in support [D.E. 125]. On August 8, 2016, Spence responded in opposition [D.E. 127]. As explained below, the court denies without prejudice Spence's motion for an evidentiary hearing, grants in part and denies in part the government's motion to dismiss, and dismisses Spence's section 2255 motion except for his ineffective-assistance claim concerning trial counsel's alleged advice concerning an alleged plea agreement.

I.

On August 15, 2012, a jury found Spence guilty of conspiracy to distribute and possess with intent to distribute 280 grams of cocaine base (crack) cocaine (count one), two counts of distribution of cocaine base (crack) (counts two and three), and distribution of five grams or more of cocaine base (crack) (count four). See [D.E. 83]. On January 28, 2013, at Spence's sentencing hearing, the

court calculated Spence's total offense level to be 38, his criminal history category to be III, and his advisory guideline range to be 292 to 365 months on counts one and four, and 240 months on counts two and three. See [D.E. 101] 1; [D.E. 110] 26. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Spence to 324 months' imprisonment on counts one and four, and 240 months' imprisonment on counts two and three, to be served concurrently. See [D.E. 110] 26–42.

Spence appealed [D.E. 97]. On April 16, 2014, the United States Court of Appeals for the Fourth Circuit affirmed Spence's conviction and sentence. See United States v. Spence, 566 F. App'x 240, 241–45 (4th Cir. 2014) (per curiam) (unpublished). On January 12, 2015, the Supreme Court denied certiorari. See Spence v. United States, 135 S. Ct. 943 (2015).

On December 28, 2015, Spence filed his section 2255 motion [D.E. 116] and a memorandum in support [D.E. 117]. In his motion, Spence make four claims: (1) law enforcement misconduct; (2) Speedy Trial Act violation; (3) violation of sequestration order during the trial ; and (4) district court errors during the trial. [D.E. 116] 4–9. In his memorandum, Spence expounds on these four claims, [D.E. 117] 5–29, and makes three additional claims: (5) prosecutorial misconduct during the trial; (6) district court error in denying Spence's motion for judgment of acquittal; and (7) ineffective assistance of counsel during state court proceedings, the initial proceedings in federal court, plea bargaining, trial preparation, the trial, and the direct appeal. See id. 30–71.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests the legal and factual sufficiency of a claim. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson

2

v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). The government may challenge the legal sufficiency of a section 2255 petition through a motion to dismiss under Rule 12(b)(6). See Rule 12, Rules Governing Section 2255 Proceedings; United States v. Frady, 456 U.S. 152, 166–68 n.15 (1982); United States v. Reckmeyer, 900 F.2d 257, at *4 (4th Cir. 1990) (unpublished table decision). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

As for Spence's claims of law enforcement misconduct, Speedy Trial Act violation, violation of the sequestration order during the trial, district court errors during the trial, prosecutorial misconduct during the trial, and district court error in denying Spence's motion for judgment of acquittal, Spence failed to raise these claims on direct appeal. Thus, the general rule of procedural default bars Spence from presenting these claims under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Furthermore, Spence has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from the alleged errors about which he now complains. See Bousley, 523 U.S. at 622–24;

3

Coleman v. Thompson, 501 U.S. 722, 753 (1991); Frady, 456 U.S. at 170; United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); United States v. Mikalajunas, 186 F.3d 490, 493–95 (4th Cir. 1999). Accordingly, the claims fail.

As for Spence's ineffective-assistance claim, "[t]he Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, senetncing, and appeal. See, e.g., Missouri v. Frye, 132 S. Ct. 1399, 1405 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover, 531 U.S. at 203–04. To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Spence must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for

4

the deficiency, "the result of the proceeding would have been different." Id. at 694.

"[A] court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." Id. at 695. When analyzing an ineffectiveness claim, a court may rule on its own familiarity with the case. See Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

Spence's ineffective assistance of counsel claim includes: (1) ineffective assistance of Spence's state-appointed counsel for failing to pursue a quick trial in state court, [D.E. 117] 46–49; (2) ineffective assistance of Spence's federal-appointed counsel for failing to file pre-trial motions, including a motion based on the Speedy Trial Act, [D.E. 117] 49–51; ineffective assistance of Spence's retained trial counsel for failing to file pre-trial motions, [D.E. 117] 51–52; (4) ineffective assistance of trial counsel for failing to investigate and to call Jamie Wong, Cherika Wilson, and Spence's mother as trial witnesses, [D.E. 117] 52–54; (5) ineffective assistance of trial counsel for advising Spence not to accept a written plea agreement to a distribution offense, [D.E. 117] 54–56; (6) ineffective assistance of trial counsel for his opening statement and failure to state his evidentiary objections at trial with particularity, [D.E. 117] 57–59; (7) ineffective assistance of trial counsel for failing to request a mistrial after Max Robeson's testimony was stricken as hearsay, [D.E. 117] 59–60; (8) ineffective assistance of trial counsel for failing to object to the verdict form, [D.E. 117] 60–61; (9) ineffective assistance of trial counsel for failing to object to the jury instructions, [D.E. 117] 62–64; (10) ineffective assistance of trial counsel for failing to object to the government's closing argument, [D.E. 117] 64; (11) ineffective assistance of trial counsel concerning the court's response to the jury's question, [D.E. 117] 64–65; (12) ineffective assistance of trial counsel at sentencing, [D.E. 117] 65–69; and (13) ineffective assistance of appellate counsel for failing to raise claims on direct appeal based upon law enforcement misconduct, the Speedy Trial Act, the

5

sequestration order, the jury instructions, and the denial of Spence's motion for judgment of acquittal. [D.E. 117] 69–70.

Spence's claims against his state-court lawyer Hancock fails because Hancock never represented Spence in this action in federal court. See, e.g., Strickland, 466 U.S. at 689–94. Alternatively, the claim that a speedy state trial would have prevented Spence's federal prosecution is speculative. Thus, the claims fails as to both performance and prejudice. See, e.g., id.

Spence's Speedy Trial Act claims against Morrison, Roberts, and Patrick all fail because there was no Speedy Trial Act violation. Thus, there was no deficient performance. See Strickland, 466 U.S. at 689–90; United States v. Medina-Castellanos, 623 F. App'x 611, 612 (4th Cir. 2015) (per curiam) (unpublished). Alternatively, even if counsel had filed a successful motion to dismiss under the Speedy Trial Act, the court simply would have held the trial on a different date. It would not have dismissed the action with prejudice. Thus, counsel's failure to file a motion to dismiss based on the Speedy Trial Act was not prejudicial. See, e.g., Strickland, 466 U.S. at 689–700; see also Knowles v. Mirazayance, 556 U.S. 111, 127–28 (2009); Morva v. Zook, 821 F.3d 517, 528–32 (4th Cir. 2016); United States v. Thomas, 305 F. App'x. 960, 964 (4th Cir. 2009) (per curiam) (unpublished); Powell v. Kelly, 562 F.3d 656, 670 (4th Cir. 2009). The same conclusions apply to Spence's vague claim that Morrison and Roberts performed deficiently in failing to file other unspecified pretrial motions. See, e.g., Dyess, 730 F.3d at 359–60.

As for Spence's claim concerning Roberts's investigations and decisions concerning which witnesses to call at trial, that conduct fell comfortably within the wide range of professionally competent representation. See, e.g., Bobby, 558 U.S. at 11–12; Knowles, 556 U.S. at 127; Strickland, 466 U.S. at 690–700; Morva, 821 F.3d at 528–32; Tucker v. Ozmint, 350 F.3d 433, 444–45 (4th Cir. 2003); Beaver v. Thompson, 93 F.3d 1186, 1195 (4th Cir. 1996); Bassette v.

Thompson, 915 F.2d 932, 940–41 (4th Cir. 1990). Moreover, Spence's vague proffer as to the testimony of Wong, Wilson, and his mother is insufficient to show that their testimony could have combatted the overwhelming evidence of Spence's guilt. Thus, the claim fails as to performance and prejudice. See, e.g., Bobby, 558 U.S. at 11–12; Knowles, 556 U.S. at 127–28; Strickland, 466 U.S. at 690–700; Morva, 821 F.3d at 528–32; Powell, 562 F.3d at 670; Beaver, 93 F.3d at 1195; Bassette, 915 F.2d at 940–41.

As for Spence's claim concerning Roberts's alleged advice concerning an alleged plea agreement, the Sixth Amendment right to counsel applies to plea bargaining. Prejudice occurs when, absent deficient advice, the defendant would have accepted a plea that would have resulted in a less severe conviction, sentence, or both. See Lafler, 132 S. Ct. at 1384–85. The Sixth Amendment requires defense counsel to communicate any plea offer from the government to the defendant. See Frye, 132 S. Ct. at 1408. In light of Spence's allegations, his ineffective-assistance claim survives the government's motion to dismiss. Whether Spence's claim will survive a motion for summary judgment is an issue for another day.

Spence's attack on Roberts's opening statement and alleged failure to make evidentiary objections with sufficient specificity fails on both performance and prejudice. See Bobby, 558 U.S. at 11–12; Knowles, 556 U.S. at 127–28; Strickland, 466 U.S. at 689–700; Morva, 821 F.3d at 528–32; Powell, 562 F.3d at 670.

Spence's attack on Roberts's failure to request a mistrial after convincing the court to strike Robeson's hearsay testimony fails on both performance and prejudice. See Strickland, 466 U.S. at 689–700. As for performance, the court struck the testimony and gave a limiting instruction. See [D.E. 109] 234–35 (trial transcript). As for prejudice, even if counsel requested a mistrial, the court would have denied the motion. See Strickland, 466 U.S. at 689–700. Simply put, there was no

7
Case 2:11-cr-00004-D   Document 129   Filed 01/26/17   Page 7 of 9

manifest necessity for a mistrial. See [D.E. 109] 228–34. Thus, the claim fails. See, e.g., Bobby, 558 U.S. at 11–12; Knowles, 556 U.S. at 127–28; Strickland, 466 U.S. at 689–700; Morva, 821 F.3d at 528–32; Powell, 562 F.3d at 670.

Spence's claim concerning Roberts's failure to move for a judgment of acquittal immediately at the close of the government's case fails. Counsel did request a judgment of acquittal before Spence presented evidence, which the court properly denied. See [D.E. 109] 339. Thus, there was no deficient performance. See, e.g., Fed. R. Crim. P. 29; Bobby, 558 U.S. at 11–12; Knowles, 556 U.S. at 127; Strickland, 466 U.S. at 689–700; Morva, 821 F.3d at 528–30; Powell, 562 F.3d at 670. Alternatively, there was no prejudice because the court also would have properly denied that motion had counsel made it immediately at the close of the government's case.

Spence's claim concerning the jury instructions and verdict form fail because the court properly instructed the jury and the verdict form was proper. Thus, there was no deficient performance or prejudice. See Bobby, 558 U.S. at 11–12; Knowles, 556 U.S. at 127–28; Strickland, 466 U.S. at 689–90; Morva, 821 F.3d at 528–32; Powell, 562 F.3d at 670.

Spence's claims concerning Roberts's failure to object to the government's closing argument or the court's response to the jury's question fails. There was no deficient performance or prejudice. See, e.g., Bobby, 558 U.S. at 11–12; Knowles, 556 U.S. at 127–28; Strickland, 466 U.S. at 689–700; Morva, 821 F.3d at 528–32; Powell, 562 F.3d at 670.

Spence's claims concerning Roberts's performance at sentencing fails because counsel performed within the wide range of professional competence. See [D.E. 110] (sentencing transcript). There was no deficient performance or prejudice. See, e.g., Bobby, 558 U.S. at 11–12; Knowles, 556 U.S. at 127–28; Strickland, 466 U.S. at 689–700; Morva, 821 F.3d at 528–32; Powell, 562 F.3d at 670. Alternatively, the court's alternative variant sentence defeats any prejudice claim. See [D.E.

110] 42; United States v. Gomez-Jimenez, 750 F.3d 370, 382–84 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156,162 (4th Cir. 2012); United States v. Savillon-Matute, 636 F.3d 119, 123–24 (4th Cir. 2011).

Spence's claims concerning appellate counsel's performance fails as to performance and prejudice. Appellate counsel properly focused on what counsel believed were the strongest appellate issues. See, e.g., United States v. Mason, 774 F.3d 824, 828–29 (4th Cir. 2014); Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc). As for prejudice, Spence has not plausibly alleged "a reasonable probability he would have prevailed on his appeal but for his counsel's unreasonable failure to raise an issue." United States v. Rangel, 781 F.3d 736, 745 (4th Cir. 2015) (quotation and alteration omitted); see Smith v. Robbins, 528 U.S. 259, 285–86 (2000). Thus, the claim fails.

II.

In sum, the court GRANTS in part and DENIES in part the government's motion to dismiss [D.E.124], DISMISSES Spence's section 2255 motion [D.E. 116] except for his ineffective-assistance claim concerning trial counsel's alleged advice concerning an alleged plea agreement, and DENIES without prejudice Spence's motion for an evidentiary hearing [D.E. 118].

SO ORDERED. This 25 day of January 2017.

JAMES C. DEVER III
Chief United States District Judge