IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:11-CR-4-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DEMETRIUS SPENCE, | ) | |
| | ) | |
| Defendant. | ) | |

On December 4, 2020, Demetrius Spence ("Spence" or "defendant") moved pro se for

compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b),

132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 182] and filed

exhibits in support [D.E. 182-1–182-7]. On January 15, 2021, Spence, through counsel, filed a

memorandum and exhibits in support of his motion for compassionate release [D.E. 190, 190-1–190-

6]. On February 13, 2021, the government responded in opposition [D.E. 196]. As explained below,

the court denies Spence's motion.

I.

On August 15, 2012, a jury convicted Spence of conspiracy to distribute and possess with

intent to distribute cocaine base (crack) (count one), two counts of distributing a quantity of cocaine

base (crack) (counts two and three), and distributing five grams or more cocaine base (crack) (count

four). See [D.E. 79, 83]. On January 28, 2013, the court held Spence's sentencing hearing and

adopted the facts set forth in the Presentence Investigation Report ("PSR"). See [D.E. 91, 96, 101];

Sent. Tr. [D.E. 110] 6. After overruling Spence's objections, the court calculated Spence's total

offense level to be 38, his criminal history category to be III, and his advisory guideline range on

counts one and four to be 292 to 365 months' imprisonment and 240 months' imprisonment on counts two and three. See Sent. Tr. [D.E. 110] 6–26. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Spence to 324 months' imprisonment on counts one and four and 240 months' imprisonment on counts two and three, to be served concurrently. See id. 37–41. Spence appealed [D.E. 97]. On April 16, 2014, the United States Court of Appeals for the Fourth Circuit affirmed Spence's conviction and sentence. See United States v. Spence, 566 F. App'x 240, 245 (4th Cir. 2014) (per curiam) (unpublished).

On December 28, 2015, Spence moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. See [D.E. 116]. That same day, Spence moved for an evidentiary hearing. See [D.E. 118]. On July 18, 2016, the government moved to dismiss Spence's claims. See [D.E. 124]. On January 26, 2017, the court granted the government's motion and dismissed all of Spence's claims except for his ineffective assistance of counsel claim. See [D.E. 129]. On November 20, 2017, the court held an evidentiary hearing and received evidence regarding Spence's ineffective assistance of counsel claim. See [D.E. 159]. On December 8, 2017, the court denied Spence's section 2255 motion and denied a certificate of appealability. See [D.E. 162]. Spence appealed. See [D.E. 164]. On September 11, 2018, the Fourth Circuit denied a certificate of appealability and dismissed Spence's appeal. See United States v. Spence, 737 F. App'x 168, 168 (4th Cir. 2018) (per curiam) (unpublished).

On February 22, 2016, Spence moved to reduce his sentence under 18 U.S.C. § 3582(c), U.S.S.G. § 1B1.10(c), and Amendment 782. See [D.E. 122]. On December 19, 2016, the court denied Spence's motion. See [D.E. 128]. Spence did not appeal.

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a

motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission (the "Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including: (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1.   Extraordinary and Compelling Reasons.—Provided the defendant meets the
     requirements of subdivision (2), extraordinary and compelling reasons exist

3

under any of the circumstances set forth below:

(A) Medical Condition of the Defendant.—

    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii) The defendant is—

        (I) suffering from a serious physical or medical condition,

        (II) suffering from a serious functional or cognitive impairment, or

        (III) experiencing deteriorating physical or mental health because of the aging process,

    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.—

    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

4

that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. High, No. 20-7350, 2021 WL 1823289, at *3 (4th Cir. May 7, 2021); United States v. Kibble, No. 20-7009, 2021 WL 1216543, at *3–4 (4th Cir. Apr. 1, 2021); United States v. McCoy, 981 F.3d 271, 280–84 (4th Cir. 2020). Rather, "[section] 1B1.13 only applies when a request for compassionate release is made upon motion of the Director of the [BOP]." Kibble, 2021 WL 1216543, at *3–4. Nevertheless, section 1B1.13 provides informative policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See High, 2021 WL 1823289, at *3; McCoy, 981 F.3d at 284. In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., McCoy, 981 F.3d at 280–84; United States v. Jones, 980 F.3d 1098, 1101–03 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020);

---

U.S.S.G. § 1B1.13 cmt. n.1.

United States v. Ruffin, 978 F.3d 1000, 1007–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020); United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

Spence submitted a request for compassionate release to the warden, which the warden denied on October 23, 2020. See [D.E. 182-1–182-4]. The government has not invoked section 3582's exhaustion requirement. See United States v. Alam, 960 F.3d 831, 833–34 (6th Cir. 2020).[2] Accordingly, the court addresses Spence's claim on the merits.

Spence seeks compassionate release pursuant to section 3582(c)(1)(A). In support of his request, Spence cites the COVID-19 pandemic and his medical conditions, including his obesity, borderline diabetes, and history of having a collapsed lung due to being shot and stabbed. See [D.E. 182] 1–3; [D.E. 190] 1, 7–11; [D.E. 190-2]. Spence also cites his age (43), the conditions at FCI Fort Dix, his rehabilitation efforts, and his release plan. See [D.E. 182] 1–3; [D.E. 190] 2, 12–13; [D.E. 190-6].

As for the medical condition of the defendant policy statement, the policy statement requires that the defendant is "suffering from a serious physical or medical condition . . . from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Although Spence states that he suffers from obesity, borderline diabetes, and had a collapsed lung, he has not demonstrated that he is not going to recover from these conditions or that they cannot be treated while Spence serves his sentence. Accordingly, reducing Spence's sentence is not consistent with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

---

[2] The Fourth Circuit has not addressed whether section 3582's exhaustion requirement is a jurisdictional or claims-processing requirement. The court assumes without deciding that the requirement is a claims-processing rule, and that the government must "properly invoke" the rule for this court to enforce it. See Alam, 960 F.3d at 833–34.

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, the conditions at FCI Fort Dix, and Spence's medical conditions, age, rehabilitation efforts, and release plan are extraordinary and compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). Even so, the section 3553(a) factors counsel against reducing Spence's sentence. See High, 2021 WL 1823289, at *4–7; Kibble, 2021 WL 1216543, at *4–5; United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8.

Spence is 43 years old and engaged in serious criminal conduct from 1998 to 2007. See PSR ¶¶ 10–12. As a member of a drug trafficking conspiracy in Pasquotank County, North Carolina, Spence distributed large quantities of cocaine and cocaine base (crack). See id. Spence was ultimately accountable for distributing 8,375.68 grams of cocaine base (crack) and 4,674 grams of cocaine. See id. ¶ 12. Spence also is a recidivist with convictions for possession of a schedule II controlled substance, reckless driving to endanger, possession with intent to sell and deliver cocaine, and criminal contempt. See PSR ¶¶ 15–20. Spence also has performed poorly on supervision. See PSR ¶ 15. Nonetheless, Spence has taken some positive steps while incarcerated on his federal sentence. See [D.E. 190] 12; [D.E. 190-6].

The court has considered Spence's potential exposure to COVID-19, the conditions at FCI Fort Dix, and Spence's age, his medical conditions, his rehabilitation efforts, and his release plan. Cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 2021 WL 1823289, at *4–7; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398

7

(4th Cir. 2019). Having considered the entire record, the steps that the BOP has taken to address COVID-19, the section 3553(a) factors, Spence's arguments, the government's persuasive response, and the need to punish Spence for his serious criminal behavior, to incapacitate Spence, to promote respect for the law, to deter others, and to protect society, the court declines to grant Spence's motion for compassionate release. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); High, 2021 WL 1823289, at *4–7; Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

As for Spence's request for home confinement, Spence seeks relief under the CARES Act. See [D.E. 182] 1. The CARES Act does not provide this court with the authority to grant home confinement. See United States v. Brummett, No. 20-5626, 2020 WL 5525871, at *2 (6th Cir. Aug. 19, 2020) (unpublished) ("[T]he authority to grant home confinement remains solely with the Attorney General and the BOP."); United States v. McCoy, No. 3:19-CR-35-KDB-DCK, 2020 WL 5535020, at *1 (W.D.N.C. Sept. 15, 2020) (unpublished); United States v. Gray, No. 4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) (unpublished). Thus, the court dismisses Spence's request for home confinement.

## II.

In sum, the court DENIES Spence's motion for compassionate release [D.E. 182], and DISMISSES Spence's request for home confinement.

SO ORDERED. This 13 day of May 2021.

JAMES C. DEVER III
United States District Judge