UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:11-CR-4-D

| UNITED STATES OF AMERICA | |
|---|---|
| v. | ORDER |
| DEMETRIUS SPENCE | |

On August 5, 2025, the United States Probation Office for the Eastern District of North Carolina filed a motion to revoke defendant Demetrius Spence's ("Spence" or "defendant") term of supervised release. [D.E. 224]. On October 14, 2025, Spence filed a notice of consent to waive his revocation hearing and requested a sentence of 8 months' imprisonment. [D.E. 233]. The United States and the United States Probation Office support Spence's motion. Both agree with revocation of Spence's term of supervised release and a sentence of 8 months' imprisonment. *See id.* at 2. As explained below, the court grants Spence's motion.

Rule 32.1 of the Federal Rules of Criminal Procedure permits a defendant to waive his right to a revocation hearing where a defendant knowingly and voluntarily admits the violations outlined in the motion for revocation. *See* Fed. R. Crim. P. 32.1(b)(2); *United States v. Farrell*, 393 F.3d 498, 500 (4th Cir. 2005). In his motion, Morgan admits violations 1, 2, 3 and 4, which allege the use of controlled substances and failure to participate as directed in a urinalysis program. *See* [D.E. 233] 1 & n.2. Spence asks to waive his hearing and have the court resolve the matter on the pleadings. *See* [D.E. 233] 1-2.

A court can infer a knowing and voluntary waiver of the right to a full revocation hearing from the totality of the circumstances and without a formal colloquy with the defendant. *See Farrell*,

393 F.3d at 500; *United States v. Stehl,* 665 F.2d 58, 59-60 (4th Cir. 1981). The court finds that Spence has knowingly and voluntarily waived his right to a hearing under Rule 32.1; and the court accepts Spence's knowing and voluntary waiver and his admission of the violations.

As for the disposition, on January 28, 2013, this Court sentenced Spence to 324 months' imprisonment and a 60-month term of supervised release for violating 21 U.S.C. §§ 846 and 841(b)(1)(A); 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); as well as 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). *See* [D.E. 100]. Morgan's term of supervised release began on February 17, 2025. Since that date, Spence has violated the terms of his supervised release by using a controlled substance and failing to participate as directed in a urinalysis program. In fashioning a supervised release revocation sentence, the court focuses on the breach of trust. *See* U.S.S.G. Ch. 7, Pt. A(3)(b). The sentence imposed upon revocation is "intended to sanction the [defendant] for failing to abide by the conditions of the court-ordered supervision." *United States v. Crudup,* 461 F.3d 433, 438 (4th Cir. 2006) (quotation omitted); *see* U.S.S.G. Ch. 7, Pt. A(3)(b).

The violations outlined in the motion for revocation are grade C violations. Spence's policy statement range is 5 to 11 months' imprisonment based on a grade C violation and a criminal history category of III. *See* U.S.S.G. 7B1.4(a); 2013 PSR ¶ 23. Spence has been in federal custody since August 7, 2025. The parties agree that an appropriate sanction for Spence is revocation and a sentence of 8 months' imprisonment. Having considered the entire record, the policy statements in Chapter 7 of the U.S. Sentencing Guidelines, and the relevant factors in 18 U.S.C. § 3553(a), the court adopts the parties' recommendation and sentences Spence to 8 months' imprisonment.

In reaching this decision, the court has considered the entire record, the parties' arguments, and the § 3553(a) factors.

In sum, the court finds that defendant Demetrius Spence has violated the terms and conditions of the judgment as follows:

1. Using a controlled substance.
2. Failure to participate as directed in a urinalysis program.
3. Using a controlled substance.
4. Using a controlled substance.

Defendant's supervised release term is REVOKED and the defendant is ORDERED committed to the custody of the Bureau of Prisons or its authorized representative for imprisonment for a period of 8 months with no supervision to follow.

IT IS RECOMMENDED that the defendant receive the benefit of the most intensive substance abuse treatment program within the Bureau of Prisons.

IT IS FURTHER RECOMMENDED that the defendant receive the opportunity to participate in educational and vocational training while in the Bureau of Prisons. The clerk SHALL provide the U.S. Marshal a copy of this judgment and this judgment shall serve as the commitment order. Any notice of appeal must be filed within 14 days.

SO ORDERED.

This 17 day of October, 2025.

JAMES C. DEVER III
United States District Judge